UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRIN LAPINE,

            Petitioner,            Case No. 1:08-cv-670

v.                                                  Honorable Robert Holmes Bell

WILLIE O. SMITH,

            Respondent.
_____/

**REPORT AND RECOMMENDATION**

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, I recommend that the amended petition be dismissed for lack of subject-matter jurisdiction.

**Discussion**

  I.  Factual Allegations

  Petitioner presently is incarcerated at the Ionia Maximum Correctional Facility. After pleading guilty, Petitioner was convicted in the Chippewa County Circuit Court of assault with intent to do great bodily harm less than murder, in violation of MICH. COMP. LAWS § 750.84, arson of real property, in violation of MICH. COMP. LAWS § 750.73, and breaking and entering a building with intent to commit larceny, in violation of MICH. COMP. LAWS § 750.110. On February 14, 2000, the trial court sentenced Petitioner to concurrent prison terms of forty-two months to ten years for the assault conviction, one to ten years for the arson conviction, and two to ten years for the breaking and entering conviction. In this report and recommendation, those convictions will be referred to as the "2000 convictions." Petitioner did not attempt to appeal his 2000 convictions in the Michigan appellate courts. The Michigan Department of Corrections fully discharged Petitioner's 2000 convictions on October 19, 2007.[1] Petitioner's amended application for habeas corpus relief challenges his 2000 convictions. (Am. Pet. at 1; docket #4.)

  On April 17, 2001, Petitioner was convicted in Chippewa County Circuit Court of two counts of assault with intent to do great bodily harm less than murder, in violation of MICH. COMP. LAWS § 750.84, and one count of possession of a firearm in the commission of a felony, in violation of MICH. COMP. LAWS § 750.227b, after a jury trial. On July 2, 2001, the trial court sentenced Petitioner to prison terms of 38 months to 10 years on one assault conviction and 57 months to 10 years on the other assault conviction. The trial court also sentenced Petitioner to a

---

[1] According to the Michigan Department of Corrections Offender Tracking and Information System (OTIS), *see* http://www.state.mi.us/mdoc/asp/otis2profile.asp?mdocNumber=305535, Petitioner was fully discharged from his 2000 convictions on October 19, 2007.

consecutive prison term of two years on the felony-firearm conviction. I refer to those convictions as the "2001 convictions" in this report and recommendation.

On September 26, 2005, Petitioner filed a "Motion for Appointment of Counsel" in the Chippewa County Circuit Court. (App. D. to Pet.; docket #1.) In that motion, Petitioner alleged that he was denied the appointment of appellate counsel to contest the terms of his plea agreement to the Michigan Court of Appeals in regards to his 2000 convictions. (*Id.*) The Chippewa County Circuit Court denied Petitioner's motion on October 11, 2005, and denied his motion for reconsideration on October 31, 2005. (*Id.*) On June 1, 2007, the Michigan Court of Appeals denied Petitioner's delayed application for leave to appeal for lack of merit in the grounds presented. (App. C to Pet.) The Michigan Supreme Court also denied leave to appeal on September 24, 2007 because it was not persuaded that the question presented should be reviewed by the court. (App. B to Pet.) The United States Supreme Court denied his petition for writ of certiorari on February 19, 2008. (App. A to Pet.)

In his amended application for habeas corpus relief, Petitioner alleges that the trial court failed to appoint appellate counsel to Petitioner for his 2000 convictions pursuant to the Supreme Court's decision in *Halbert v. Michigan,* 545 U.S. 605 (2005).[2] (Am. Pet. at 6.)

II.   Custody Requirement

The purpose of the writ of habeas corpus is to free individuals from wrongful restraints upon their liberty. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Title 28 U.S.C.

---

[2]On or about December 18, 2003, Petitioner filed an application for habeas corpus relief regarding his 2001 convictions in *LaPine v. Renico,* Case No. 2:03-cv-282 (W.D. Mich.). This court denied his petition in an opinion and order on January 12, 2006. *See LaPine,* Case No. 2:03-cv-282 (dockets #81, 82). Because the previous application for habeas corpus relief challenged only his 2001 convictions, Petitioner's current application for habeas corpus relief is not a second or successive petition. *See McClesky v. Zant*, 499 U.S. 467, 470 (1991); *Kuhlmann v. Wilson*, 477 U.S. 436, 444 n.6 (1986) (plurality).

§§ 2241(c)(3) and 2254(a) provide that a § 2254 habeas petition may be filed when a person is "in custody" for that conviction "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) & 2254(a). An applicant for habeas corpus relief must be "in custody" when the petition is filed in order to vest the court with jurisdiction to grant a petition for a writ of habeas corpus. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989); *see also* 28 U.S.C. §§ 2241(c)(3) & 2254(a).

When a petitioner's sentence for a conviction has fully expired, the conviction may not be directly challenged, because the petitioner is no longer "in custody" pursuant to that conviction. *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001). A petitioner satisfies the "in custody" requirement by directly attacking a sentence that he is currently serving. *Id.* at 401-02. The sentences for Petitioner's 2000 convictions expired on October 19, 2007. Petitioner, therefore, is in custody only pursuant to his 2001 convictions. Because Petitioner is no longer "in custody" pursuant to the 2000 convictions, he may not directly attack the 2000 convictions through the instant habeas petition. *See* 28 U.S.C. § 2254(a); *see also Lackawanna*, 532 U.S. at 401. As a result, this Court lacks subject-matter jurisdiction to consider Petitioner's challenge to his 2000 convictions in his amended application for habeas corpus relief.

**Recommended Disposition**

For the foregoing reasons, I recommend that the amended habeas corpus petition be summarily dismissed pursuant to Rule 4 for lack of subject-matter jurisdiction. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated:   September 2, 2008           /s/  Joseph G. Scoville
                                     United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).