UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRIN LAPINE,

        Petitioner,

                                     File No.  1:08-CV-670

v.

                                     HON. ROBERT HOLMES BELL

WILLIE O. SMITH,

        Respondent.
                                /

**ORDER ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

      This matter is before the Court on a Petitioner Darrin LaPine's objections to the Magistrate Judge's September 2, 2008, Report and Recommendation ("R&R") recommending that Petitioner's § 2254 petition for writ of habeas corpus be dismissed with prejudice pursuant to Rule 4 of the Rules Governing § 2254 Cases, because it plainly appears from the petition and the attached exhibits that the Court lacks subject-matter jurisdiction. (Dkt. No. 5.)  Petitioner filed objections to the R&R on September 10, 2008, and a motion to expand the record.  (Dkt. Nos. 6, 7.)

      This Court is required to make a *de novo* determination of those portions of the R&R to which objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Section 2254 authorizes a person "in custody" pursuant to a state court judgment to file an application for a writ of habeas corpus. 28 U.S.C. § 2254(a). The R&R recommends dismissal of Petitioner's § 2254 petition because Petitioner is no longer "in custody" pursuant to the 2000 convictions that he is attacking through the instant habeas petition. *See Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001).

Petitioner objects to the R&R because he contends that he still owes restitution on his 2000 conviction. In addition, Petitioner asserts in his recently filed motion to expand the record that the 2000 conviction was used to enhance his current sentence, that the 2000 conviction continues to negatively affect his eligibility for camp and parole, and that the 2000 conviction could be used to enhance him as a habitual offender if he were convicted in the future. (Mot. to Expand Record 2.) Petitioner cites *Spencer v. Kemna*, 523 U.S. 1, 14-16 (1998), in support of the proposition that a prisoner who has completed his sentence can challenge his conviction in habeas corpus because of collateral consequences that survive his release." *Id.* at 14-16.

The fact that the 2000 conviction continues to have collateral consequences does not suggest that Petitioner is still "in custody" such that this Court can exercise jurisdiction over his petition. The Supreme Court noted in *Maleng v. Cook*, 490 U.S. 488, 491-92 (1989), that it had "never held . . . that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 491 (1989)). *See also Gavin v. Wells*, 914 F.2d 97, 98 (6th

2

Cir. 1990) (holding that because the petitioner had fully served his 1955 conviction, the court had no jurisdiction to consider his argument that the 1955 conviction was unconstitutional). The collateral consequences cases on which Petitioner relies are all premised on the petitioner being in custody for the conviction or sentence he is challenging.  For example, in *Spencer* the petitioner was incarcerated by reason of the challenged parole revocation at the time the petition was filed. 523 U.S. at 7.  Similarly, in *Lackawanna*, the petitioner was challenging the enhancement of his current (1990) sentence. 532 U.S. at 401.  The Supreme Court held in that case that the petitioner satisfied § 2254's "in custody" requirement because his § 2254 petition "can be (and has been) construed as 'asserting a challenge to the [1990] senten[ce], as enhanced by the allegedly invalid prior [1986] conviction.'" 532 U.S. at 401-02.

In contrast to *Spencer* and *Lackawanna*, Petitioner in this case is not challenging the enhancement of the sentence he is currently serving on his 2001 conviction.  He cannot challenge his 2001 conviction because, as noted in the R&R, Petitioner's 2001 conviction was the subject of a previous § 2254 petition.  *LaPine v. Renico*, File No. 2:03-CV-282 (W.D. Mich.).  Accordingly, even under a liberal construction of Petitioner's pro se habeas petition, the only conviction Petitioner is challenging is his 2000 conviction.  Because Petitioner has fully served his 2000 conviction, this Court has no jurisdiction to consider his argument that the 2000 conviction was unconstitutional.

In addition, even if Petitioner were "in custody" pursuant to the 2000 conviction, his

3

petition was not timely filed. Petitioner contends his claim is timely because it relies on a constitutional right newly recognized by the Supreme Court in *Halbert v. Michigan*, 545 U.S. 605 (2005). *See* 28 U.S.C. § 2244(d)(1)(C) (providing that the 1-year period of limitation for § 2254 petitions can be measured from the date on which the constitutional right asserted was newly recognized and made retroactive by the Supreme Court). However, contrary to Petitioner's contentions, the ruling in *Halbert* does not apply retroactively to cases on collateral habeas corpus review. *Simmons v. Kapture*, 516 F.3d 450, 451 (6th Cir. 2008). Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections to the Report and Recommendation of the Magistrate Judge (Dkt. Nos. 6, 7) are **DENIED**.

**IT IS FURTHER ORDERED** that the September 2, 2008, Report and Recommendation of the Magistrate Judge (Dkt. No. 5) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus (Dkt. No. 1) is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**. *Slack v. McDaniel*, 529 U.S. 473 (2000).

Dated: November 25, 2008          /s/ Robert Holmes Bell
                                  ROBERT HOLMES BELL
                                  UNITED STATES DISTRICT JUDGE